UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PALMER, an individual, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OMNI HOTELS MANAGEMENT CORPORATION; and Does 1-100, inclusive,<br><br>Defendants. | CASE NO.: 2:15-CV-02126<br><br>**ORDER REGARDING THE PARTIES' STIPULATED PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION** |

The Court having considered the Parties' Stipulated Protective Order and, good cause appearing, **HEREBY ORDERS THAT:**

The following provisions shall govern documents and information produced in this action as between Plaintiff FRANK PALMER ("Plaintiff") and Defendant OMNI HOTELS MANAGEMENT CORPORATION ("Defendant"):

1. <u>Designated Material</u>. During discovery herein, any information or material within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure, including but not limited to documents, deposition testimony, transcripts and exhibits, interrogatory

answers, responses to requests to admit, and other written, recorded, or graphic materials, may be designated as "CONFIDENTIAL" by the person or entity producing, providing, filing, or lodging it, or by any Party to this action (the "Designating Person"). All "CONFIDENTIAL" information and material, and all information or material derived therefrom, constitutes "Designated Material" under this Stipulation and Order.

2. <u>Access to Designated Material</u>. The designation of any document as "CONFIDENTIAL" shall not preclude any Party from showing or providing a copy of the document to any person who appears as an author, addressee, or recipient on the face of the document. Designated Material shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action (including any appeal), and may be disclosed only to the following persons:

    a. the named Parties to this action and their officers, directors, and/or employees, and those employees employed as of the date the document was created who were in a position to have access to or knowledge regarding the document;

    b. the Parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and staff;

    c. independent experts, consultants, and/or vendors, and their staff specifically retained to assist counsel in this litigation, provided that any such experts, consultants, or vendors shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation and Order (in the form attached hereto as Appendix A), which shall be maintained at the office of counsel retaining such expert, consultant, or vendor and produced to opposing counsel, should any services actually be provided by said experts, consultants, and/or vendors and which are used by the retaining Party to support its claims and/or defenses in litigating this action, at the earlier of the first designation of expert witnesses or the conclusion of the action;

    d. third parties specifically retained by counsel for the Parties to this action (or their legal associates and/or staff) for copying, filing, service of process, or computer coding of documents, but only for such copying, filing, service of process, or

1  computer coding purposes;

2           e.   the Court, court reporters, and court officers, pursuant to paragraph 7
3  of this Stipulation and Order; and

4           f.   any witness shown the document in a deposition, or in preparation for
5  a deposition, in this litigation.  However, any such witness will be required to execute
6  Appendix A before reviewing Designated Material(s).

7           g.   For purposes of this Order, nothing herein (i) is intended to limit
8  Plaintiff's counsel right to communicate with putative class members about their rights in
9  this Action or any other action, or (ii) prohibits Plaintiff's counsel from representing any
10 putative class member in connection with any individual claim that a class member may
11 have against Defendant or against any unrelated party.

12     3.   <u>Copies of Designated Material</u>.  Copies and extracts of Designated Material
13 may be made by or for only those persons authorized by paragraph 2 to review such
14 materials, provided that all copies and extracts are appropriately marked as
15 "CONFIDENTIAL."  All copies and extracts of Designated Material are subject to the
16 provisions of this Stipulation and Order as though they were original Designated
17 Material.

18     4.   <u>Custody of Designated Material</u>.  All documents containing information
19 designated "CONFIDENTIAL" and notes or other records regarding that information
20 shall be maintained in the custody of the Parties' outside and/or in-house counsel, and no
21 partial or complete copies thereof containing Designated Material shall be retained by
22 anyone else at any location, except that independent experts, consultants, and/or vendors
23 may retain documents on a temporary basis for purposes of study, analysis and
24 preparation of the case.

25     5.   <u>Designating Documents</u>.  The designation of all or a portion of a document
26 as "CONFIDENTIAL" shall be made by placing such legend on each designated page of
27 the document prior to production.  In the case of a document produced by a non-party
28 that is not the Designating Person with respect to such document, Defendant reserves its

1  right to seek a protective order on behalf of itself, or another third-party, to deem such
2  document CONFIDENTIAL and subject to the terms of this Stipulation and Order.

3    6.   Designating Depositions.

4      a.   Deposition transcripts or portions thereof may be designated as
5  "CONFIDENTIAL" either: (i) at the deposition itself, by request of any Party, or (ii) by
6  captioned, written notice of the precise page and line numbers of the deposition transcript
7  to be provided to the reporter and all counsel of record, given within ten (10) court days
8  following notice from the reporter that the transcript is available for review, in which
9  case the designating Party shall be responsible for providing to all Parties copies of the
10 designated transcript or portion thereof marked as "CONFIDENTIAL." Pending
11 expiration of the ten court days, the deposition transcript shall be treated as if it had been
12 designated "CONFIDENTIAL."

13     b.   Where testimony is designated at a deposition, the Designating Person
14 may exclude from the deposition all persons other than those to whom the Designated
15 Material may be disclosed under paragraph 2 of this Stipulation and Order.

16     c.   Any Party may mark Designated Material as a deposition exhibit and
17 examine any witness thereon, provided (i) that the exhibit and related transcript pages
18 receive the same confidentiality designation as the original Designated Material, and
19 (ii) that either the deposition witness is one to whom the exhibit may be disclosed under
20 paragraph 2 of this Stipulation and Order, or the deposition witness is a current or former
21 officer, director, member, partner, or employee of the Designating Person with respect to
22 such Designated Material.

23   7.   Procedures for Filing Records under Seal.

24      a.   Prior to lodging and/or filing any Designated Material, or offering it
25 for admission as evidence, the Party seeking to lodge and/or file the Designated Material,
26 or offer the Designated Material for admission as evidence, shall make a good faith effort
27 to obtain an order from the court to allow submission of the Designated Material under
28 seal, in compliance with Rule 5.2(d) of the Federal Rules of Civil Procedure and Local

Rule 79-5, as may be applicable.  The other Party shall not oppose such a motion, and shall stipulate to an order shortening time for notice of hearing on the motion, if so requested.

      b.     To the extent permitted by the Court, upon request of a Party, any hearing that may refer to or describe Designated Material shall be held *in camera*.

      c.     The court's denial of a motion to seal brought pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79-5 shall not bar the use of the Designated Material, or the offering of it for admission as evidence, in connection with any motion, proceeding or trial in this matter, and such use of or offering in evidence of the Designated Material shall not constitute a breach of this agreement.

      d.     Notwithstanding (a) above, upon written agreement and/or stipulation by all Parties, specific Designated Material may be lodged and/or filed, or offered for admission as evidence, not under seal in connection with any motion, proceeding or trial in this matter, and such use of or offering in evidence of the Designated Material shall not constitute a breach of this agreement.

      e.     The Parties expressly agree that lodging and/or filing of Designated Material with the Court not under seal shall not be deemed nor constitute a waiver of confidentiality under the terms of this Stipulation and Order.

    8.     <u>Objections</u>.  A Party may challenge the propriety of any designation under this Stipulation and Order at any time.  A challenge may be made by serving on the other Party a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged, state the basis for each challenge, and propose a new designation for each item.  The challenged material shall be deemed redesignated as proposed unless, within ten (10) calendar days after service and within ten (10) calendar days of the Parties meeting and conferring on the issue, the Designating Person has filed and served a motion for a protective order to maintain the original designation or to establish other confidentiality protections.  The Designating Person shall have the burden of proof regarding whether the challenged material should

1  maintain the original designation.  In the event that the Designating Person fails to file
2  and serve a motion for protective order within ten (10) calendar days of service of the
3  notice of objection, the confidential designation of the challenged material shall be
4  deemed waived.

5      9.    <u>No Prejudice</u>.

6         a.    Nothing in this Stipulation and Order shall preclude any Party from
7  seeking and obtaining additional or different protection with respect to the confidentiality
8  of any information or material.

9         b.    This Stipulation and Order shall not diminish any existing obligation
10 or right with respect to Designated Material, nor shall it prevent a disclosure to which the
11 Designating Person consents before the disclosure takes place.

12        c.    The Parties shall exert their best efforts to assert any claims of
13 confidentiality prior to the disclosure of any discovery materials.  The production of any
14 document by any Party shall be without prejudice to any claim by the producing Party
15 that such material should have been designated as "CONFIDENTIAL."  Claims of
16 confidentiality may be asserted in writing and with particularity within a reasonable time
17 after learning of such inadvertent or mistaken disclosure and such documents shall be
18 treated as if the claim were made prior to disclosure.  If within a reasonable time after
19 such documents are inadvertently or mistakenly disclosed, the producing Party asserts a
20 claim that such documents are "CONFIDENTIAL," the receiving Party shall take prompt
21 steps to ensure that all known copies of such documents are returned promptly to the
22 producing Party for designation as such and prompt return to the receiving Party.  The
23 Parties may thereafter contest such claims of confidentiality, as set forth herein.

24     10.    <u>Discovery Obtained By Other Means</u>.  This Stipulation is not applicable to
25 Designated Material if copies of such documents already have been obtained by the
26 receiving Party in a manner not subject to this Stipulation.

27     11.    <u>Final Disposition</u>.  Upon final termination of the action, including entry of
28 final judgment, settlement, or appeals, and at the written request of the designating or the

producing person, all Designated Material and all copies thereof shall, within 60 days of such final termination, at the receiving Party's and/or its counsel's option, either be returned to counsel for the person that produced the material or destroyed. The receiving Party or its counsel of record shall provide a declaration under penalty of perjury setting forth that either all confidential documents and copies thereof have been returned or destroyed. However, counsel may retain pleadings, documents filed with the court, attorney and consultant work product, and depositions, for archival purposes.

12. <u>Subpoenas Seeking Designated Material</u>. If any person that has obtained Designated Material under the terms of this Stipulation and Order receives a subpoena commanding the production of any such Designated Material, such person shall promptly notify the Designating Person of the service of the subpoena in order to afford the Designating Person an opportunity to object. If the Designating Person objects, the person receiving the subpoena shall not produce any Designated Material in response to the subpoena without either the prior written consent of the Designating Person, or a prior order of the Court in which the subpoena was served.

13. <u>Improper Disclosure</u>.

a. The Parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation and Order. If Designated Material submitted in accordance with the terms of this Stipulation and Order is disclosed to any person other than in the manner authorized by the terms herein, the Party and person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

b. The Parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching Party and, accordingly, in the event of any breach or threatened breach of the provisions herein, the non-breaching

Party may be entitled to seek immediate injunctive relief by way of *ex parte* hearing or otherwise as allowed by law or equity. The decision by the non-breaching Party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching Party might have in the event of such a breach or threatened breach, and neither the seeking by the non-breaching Party of any such relief nor the obtaining by the non-breaching Party of any other such relief will be a waiver or release of any of the non-breaching Party's other rights or remedies in such event.

14. <u>Survival</u>. The binding effect of this Stipulation and Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation and Order. The terms of this Stipulation and Order shall be binding upon the Parties as a contract, whether or not a judicial officer signs the Proposed Order.

15. <u>Stipulation</u>. This Stipulation shall be deemed in full force and effect until the Court's approval of the terms of the stipulation in the form of an Order and even in the absence of entry of said Stipulation as a Court Order. If the Court makes any subsequent modifications thereto pursuant to entry of the Stipulation as an Order the modified version will supersede this agreement.

16. By signing this Stipulation, the attorney signs on behalf of his or herself and his or her respective law firm.

17. This Stipulation and Order may be executed in the forms of one or more counterparts with the same force and effect as if all signatories had executed a single copy of this Stipulation and Order.

**IT IS SO ORDERED.**

___6/4/ 2015

_____
Hon. Andrew J. Wistrich
United States Magistrate Judge

# EXHIBIT A

## FORM OF CONSENT TO BE BOUND

I, _____, declare as follows:

1.  I have been provided with a copy of the Stipulation and Order issued in the action <u>Frank Palmer v. Omni Hotels Management Corporation</u>, Case No. 2:15-CV-02126, and have read and understand its terms.

2.  I hereby consent to be bound by the terms of the Stipulation and Order. I further consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of any proceeding to enforce the terms of the Stipulation and Order or to punish the breach thereof.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on _____, at _____.
                         (date)                              (city and state)

4852-9627-4468, v. 1