UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PALMER, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OMNI HOTEL MANAGEMENT CORPORATION, and Does 1-100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 15cv1527 JM(MDD)<br><br>**ORDER GRANTING PLAINTIFF FRANK PALMER'S MOTION TO STAY PENDING ARBITRATION** |

　　　This order addresses Plaintiff Frank Palmer's motion to stay pending arbitration filed on November 23, 2015. (Doc. No. 44). The motion was fully briefed and found suitable for resolution without oral argument pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, Plaintiff's motion is granted.

///

///

///

///

# BACKGROUND

Plaintiff alleges the following facts. Plaintiff is a resident of San Diego County. (Doc. No. 22, ¶ 7). Defendant is a Delaware corporation with its principal place of business in Dallas, Texas. (Id. at ¶ 8). At all relevant times, Plaintiff was employed as a banquet server at Defendant's Omni La Costa Resort and Spa. (Id. at ¶ 7). Plaintiff alleges that while working for Defendant, Plaintiff was paid an hourly rate plus a portion of a mandatory service charge ("Service Charge") collected by Defendant based on a percentage of the customer's bill for food and banquet services. (Id. at ¶¶ 15-17). The Service Charge collected by Defendant, unlike a tip or gratuity, is not negotiable or subject to the customer's discretion. (Id. at ¶ 15).

The crux of Plaintiff's claim is that he and other similarly-situated employees or former employees of Defendant were not paid proper overtime wages for all hours worked. (See id. at ¶¶ 14, 22). In that vein, Plaintiff alleges the following with regard to overtime pay under California law. First, an employee's regular rate of pay for purposes of determining overtime pay is the hourly rate plus the employee's "commissions, bonuses or other non-hourly compensation." (Id. at ¶ 18). Second, overtime is calculated at one and a half times the employee's regular rate of pay. (Id. at ¶ 19). Third, Defendant paid Plaintiff overtime at a rate based only on Plaintiff's base hourly rate, without including the Service Charge payments or any other compensation that should have been calculated as part of Plaintiff's regular rate of pay for California overtime calculation purposes. (Id. at ¶ 20). Overall, Plaintiff believes that he and Defendant's other California employees were deprived of their legally mandated wages. (Id. at ¶¶ 21-23).

In his operative complaint, Plaintiff brings the following causes of action: (1) failure to pay overtime wages in violation of Cal. Lab. Code § 510; (2) failure to pay all wages for each pay period in violation of Cal. Lab. Code § 204; (3) failure to provide accurate wage statements in violation of Cal. Lab. Code § 226; (4) unfair competition in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et*

*seq.*; and (5) violation of the Private Attorney General Act of 2004, Cal. Lab. Code §§ 2698-2699.5. (Doc. No. 1-1, ¶¶ 29-57).

On February 19, 2015, Plaintiff filed this putative class action in the Superior Court of California for the County of Los Angeles. (Doc. No. 1-1). Defendant removed the matter to the Central District of California on March 23, 2015. (Doc. No. 1). On July 9, 2015, Judge Otero of the Central District of California granted Defendant's motion to transfer venue, transferring the case to this district.

On November 23, 2015, Plaintiff filed a motion to stay pending arbitration. (Doc. No. 44). Defendant Omni Hotel Management Corporation ("Omni") filed an opposition on January 5, 2016. (Doc. No. 47). Plaintiff replied on January 12, 2016. (Doc. No. 53).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted by Congress for the purpose of "revers[ing] the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). To that end, arbitration provisions falling within the FAA's purview are generally deemed "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Act embodies a "liberal federal policy favoring arbitration agreements," AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011), and is to be "rigorously enforce[d]," Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985).

Waiver of a contractual right to arbitration is not favored. Lake Communications, Inc. v. ICC Corp., 738 F.2d 1473, 1477 (9th Cir. 1984); Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co., 572 F.2d 1328, 1330 (9th Cir.1978). Thus, any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. See Moses H. Cone Hospital v. Mercury Construction Corp., 460 U.S. 1, 24–25 (1983) ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the issue is the construction of the contract language itself or

an allegation of waiver, delay, or a like defense to arbitrability"). Because waiver of the right to arbitration is disfavored, "any party arguing waiver of arbitration bears a heavy burden of proof." U.S. v. Park Place Associates, Ltd., 563 F.3d 907, 921 (9th Cir. 2009) (quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982)).

A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. See Shinto Shipping, 572 F.2d at 1330 (the court "must be convinced not only that the appellee acted inconsistently with that arbitration right, but that the appellant was prejudiced by this action before we can find a waiver.").

## DISCUSSION

Plaintiff alleges that on or about October 9, 2015, Defendant produced, for the first time, an arbitration agreement between the parties mandating arbitration of disputes such as this, and moves the court to stay this case pending arbitration. The arbitration agreement, quoted by Plaintiff, provides that "[t]he claims covered . . . include, but are not limited to, claims for standard wages, overtime wages, benefits, or other compensation due," and that arbitration must take place before a single arbitrator "in accordance with the applicable rules and procedures of the American Arbitration Association (AAA) or alternative dispute resolution (ADR) provider selected by the parties." (Doc. No. 44-2, ¶ 7).

Defendant opposes Plaintiff's motion on two main grounds. First, Defendant asserts that by filing his claims in court and proceeding with discovery, Plaintiff has waived any right to arbitration. Second, Defendant argues that Palmer has not shown clear and unambiguous agreement to arbitrate these claims because (1) Plaintiff's claims are not arbitable; and (2) Plaintiff has not produced competent evidence of the arbitration agreement.

///

### 1. Waiver of the Right to Arbitration

Defendant argues that Plaintiff has waived his right to arbitration pursuant to the Ninth Circuit framework because (1) he had knowledge of his existing right to compel arbitration at the time he filed his lawsuit; (2) none of Plaintiff's acts have been consistent with exercising his right to arbitrate; and (3) arbitration under these circumstances will prejudice Defendant.

With respect to knowledge, specifically, Defendant asserts that Plaintiff conceded in his deposition that at the time he applied for employment with Omni, he was aware his claims were governed by an arbitration agreement. (Doc. No. 47, p. 3). Additionally, Defendant's counsel, Mia Farber, states in her declaration that on March 18, 2015, she spoke with Plaintiff's counsel, Andrew Greene, by telephone, and during that conversation informed him that his client's claims may be subject to an arbitration agreement. (Doc. No. 47-1, ¶ 3). Defendant further claims that after being informed of the existence of the arbitration agreement, Plaintiff proceeded to amend his complaint to assert a PAGA claim in order to "inoculate his complaint against a motion to compel arbitration." (Doc. No. 47, p. 3).

Plaintiff counters that Defendant cannot conclusively establish that he had "knowledge of the existing right to compel arbitration" for a significant time period prior to instituting arbitration proceedings and bringing this motion. First, Plaintiff states that on June 25, 2013, he was asked to come to a "large room" at his employment place with a number of coworkers, and electronically sign the arbitration agreement together with a number of other employment-related documents. (Doc. No. 53-2, ¶ 3). Plaintiff states that he did not have much time to review and sign the documents, and was not given copies of any of the documents he signed that day. (Id.). Plaintiff further claims that he completely forgot about the agreement relatively soon afterwards as it had no impact or involvement with his day-to-day job duties, and did not think about or see a copy of the agreement until around his deposition on October 16, 2015. (Id.). Moreover, Plaintiff's counsel, Andrew Greene, states that he does not recall Ms. Farber ever mentioning an

1  arbitration agreement in any conversation, and that if she had, it would have been his
2  practice to ask her for a copy of the agreement, which was not provided until October 9,
3  2015.  (Doc. No. 53-1, ¶ 2, 3).

4       The court recognizes there exists a factual dispute as to when Plaintiff became
5  aware of his right to arbitrate.  While both sides advance plausible scenarios, because this
6  factual question is not ripe for court determination, this prong of the analysis favors
7  neither side.  Instead, as a matter of equity, the court considers whether Plaintiff acted
8  with due diligence in commencing arbitration proceedings, and finally, whether
9  Plaintiff's acts have prejudiced Defendant.

10       Defendant contends that virtually all of Plaintiff's acts since the outset of this
11 litigation, including commencing litigation in court, opposing a motion to transfer venue,
12 engaging in written discovery, and noticing multiple depositions, have been
13 "inconsistent" with his existing right to arbitrate.  See Van Ness Townhouses v. Mar
14 Industries Corp., 862 F.2d 754, 759 (9th Cir.1988) (defendant waived arbitration after
15 actively litigating the case for two years); In re Toyota Motor Corp. Hybrid Brake Mktg.,
16 Sales, Practices, & Prods. Liab. Litig., 828 F. Supp. 2d 1150, 1163-64 (C.D. Cal. 2011)
17 (defendant waived arbitration after litigating for two years, engaging in discovery,
18 participating in discovery conferences, and filing motions); Martinez v. Welk Group,
19 Inc., 2012 WL 112535, at *3 (S.D. Cal. Jan. 12, 2012) (defendant waived arbitration by
20 actively litigating for two years, including "filing two motions to dismiss and a
21 counterclaim, and engaging in a lengthy meet and confer process.").

22       Plaintiff counters that Defendant cannot establish that Plaintiff acted
23 inconsistently with his existing right to arbitrate.  Since becoming aware of the arbitration
24 agreement in mid-October, Plaintiff claims, he has done virtually nothing other than
25 commence arbitration proceedings, with the exception of taking Defendant's deposition,
26 which had been scheduled well in advance and about a week after Defendant produced
27 the arbitration agreement.  (Doc. No. 53, p. 3).  Plaintiff argues that this case, which is
28 less than a year old, is easily distinguishable from the cases cited by Defendant, all of

which involved defendants consciously delaying arbitration proceedings for over two years.  Further, distinguishing Defendant's authorities, Plaintiff claims he was previously unaware of the existence of the arbitration agreement, did not draft it, did not review it in any detail at the time he electronically signed it in 2013, never received a copy of it, and did not remember it or think about it until his deposition.  Even if the court were to consider all litigation in this matter, Plaintiff asserts he has not filed a single motion and has only conducted limited discovery related to the class certification issues.

After careful consideration of all the circumstances, the court is satisfied Plaintiff has acted with due diligence in commencing arbitration proceedings and bringing this motion.  Notwithstanding the question of when Plaintiff gained knowledge of his arbitration rights, the court finds that his litigation activity, which includes opposing a motion to transfer venue, engaging in written discovery related to class certification, and taking a deposition, does not rise to the level of waiver.  Accordingly, Defendant has not conclusively established the second prong of the test.

Finally, with respect to prejudice, Defendant argues that Plaintiff's desire to "reboot his action in arbitration on the eve of class certification" will substantially prejudice Defendant for the following reasons.  First, it will unreasonably delay the proceedings.  Second, it will create significant wasted effort and unnecessary added costs from Defendant's previous litigation activity, since its removal and motion to transfer venue would have been unnecessary.  Finally, it will unduly multiply proceedings as the parties will have to engage in "repetitive and cumulative discovery that was not available to [Plaintiff] under the limitations applicable to the federal forum."  (Doc. No. 47, p. 5).

Plaintiff argues that Defendant cannot demonstrate any real prejudice resulting from Plaintiff's alleged inconsistent acts.  Plaintiff claims that his litigation activity is quite limited, comprised only of opposing a single motion, taking a single deposition, and engaging in limited class-certification discovery.  Since class-related discovery would be conducted in arbitration as well, Plaintiff claims that it does not constitute "waste" prejudicial to Defendant. (Doc. No. 53, p. 4).  Additionally, Plaintiff asserts that the

deposition taken in this case obviates the need to take it again in arbitration.

While the court acknowledges Defendant's argument that its removal and motion to transfer venue costs would have been unnecessary had the Plaintiff initially commenced arbitration proceedings, the court does not find that Plaintiff's acts have resulted in significant prejudice to Defendant.  As pointed out by Plaintiff, the deposition and the class-related discovery will obviate the need for the same in arbitration proceedings, and therefore do not constitute wasted effort or costs.  Second, Plaintiff has already commenced arbitration proceedings, and given that this case is in its early stages of litigation, the court is not convinced that arbitration will result in an unreasonable delay.  Finally, Defendant's costs incurred as a result of its removal and motion to transfer venue do not rise to such a level as to constitute significant prejudice and a waiver of Plaintiff's arbitration rights.

In sum, Defendant has not met the burden of demonstrating Plaintiff has waived his right to arbitrate under the test articulated by the Ninth Circuit.

**2. A Clear and Unambiguous Agreement to Arbitrate**

Next, Defendant argues that Plaintiff has failed to show a clear and unambiguous agreement to arbitrate for two reasons.  First, Defendant argues that Palmer's claims are not arbitrable.  Second, Defendant contends that Plaintiff has not produced competent evidence of his arbitration agreement.

As to the arbitrability of Plaintiff's claims, Defendant points out that the arbitration agreement at issue excludes claims covered under a collective bargaining agreement.  (Doc. No. 53-2, ¶ 3).  At all relevant times, Plaintiff has been a member of UNITE HERE Local 30, AFL-CIO ("Union"), which entered into a collective bargaining agreement ("CBA") with Defendant, covering the period of September 24, 2013 to December 31, 2016.  (Doc. No. 47-1, 21:5-14).  Defendant contends that Plaintiff's overtime wage terms are set forth plainly in the CBA.  (Doc. No. 47, p. 9).  Because Plaintiff's lawsuit alleges failure to pay overtime wages, Defendant argues that Plaintiff's claims are directly controlled by the terms of the collective bargaining agreement, and

thereby fall within the exclusion provided in the arbitration agreement.

The court is not persuaded by this argument.  First, as correctly pointed out by Plaintiff, Defendant has failed to offer any authority indicating that the "arbitrability of claims" is even a proper factor for this court to consider at this stage.  See <u>Nicholson v. Labor Ready, Inc.</u>, 1997 WL 294393, at *4 (N.D. Cal., May 28, 1997) ("[i]n determining whether to stay proceedings pending arbitration, the Court may only consider issues relating to the making and performance of the agreement to arbitrate.").  In any case, the court agrees with Plaintiff that the claims alleged in Plaintiff's operative complaint, including (1) failure to pay overtime wages (Cal. Lab. Code § 510); (2) failure to pay all wages for each pay period (Cal. Lab. Code § 204); (3) failure to provide accurate wage statements (Cal. Lab. Code § 226); (4) unfair competition in violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and (5) violation of the Private Attorney General Act of 2004 (Cal. Lab. Code §§ 2698-2699.5), *all* arise directly from California state statutory law.  (<u>See</u> Doc. No. 22).  The existence of the collective bargaining agreement is inconsequential as Plaintiff has not pled any violations of the CBA or otherwise pled a claim under the CBA.

Finally, Defendant's argument that Plaintiff has not produced competent evidence of the arbitration agreement fails as well.  In its opposition to Plaintiff's motion (Doc. No. 47), as well as its separately filed objections (Doc. No. 48), Defendant argued that the only evidence before the court demonstrating the existence of any arbitration agreement was the "hearsay declaration testimony of [Plaintiff's] counsel."  (Doc. No. 47, p. 7).  To alleviate this concern, Plaintiff provided his own declaration (<u>See</u> Declaration of Frank Palmer, Doc. No. 53-2) in his reply.  The court finds that Plaintiff's declaration authenticates the arbitration agreement and lays out the necessary foundation for its admission to the extent necessary for this motion.  As such, the court rejects Defendant's argument that Plaintiff has failed to produce competent evidence of the arbitration agreement and overrules Defendant's objections to Plaintiff's evidence.

///

In sum, the court finds that Plaintiff has submitted a clear and unambiguous agreement to arbitrate.

## CONCLUSION

Plaintiff's motion to stay action pending arbitration is GRANTED. This action is hereby STAYED pending arbitration of the matters at issue.

IT IS SO ORDERED.

DATED: March 1, 2016

JEFFREY T. MILLER
United States District Judge